Filed at _____ 11:22 A.M
4/27 _____ , 20 17

Deputy Clerk, U.S. District Court
Middle District of Georgia

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

EDDIE LEE COTTON,      ) CIVIL ACTION NUMBER: 1:17-CV-78

      Plaintiff,      ) Jury Trial Demand

                    )

Vs.                   )

                    )

EnMarket Inc.          )

      Defendant.      )

## COMPLAINT

**COMES NOW** Plaintiff, Eddie Lee Cotton, and hereby files this Complaint against EnMarket Incorporation alleging violations of his Civil Rights and to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e-2 (section-703), et seq ("Title VII").

## INTRODUCTION

1.

This action is brought on behalf of the plaintiff, Eddie Lee Cotton to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e-2 (section −703), et seq ("Title VII"), to correct unlawful practices on the basis of discrimination, to vindicate plaintiff's rights, and to make plaintiff whole. In this case, Plaintiff is an long term (15 years)employee of the employer. Defendant repeatedly discriminated against plaintiff in the terms and conditions of his employment, refused to promote him into a managerial position

Pg. 1 of 8

and subjected him unto a hostile work environment.

## JURISDICTION AND VENUE

**2.**

Jurisdiction of this Court is invoked pursuant to 42 U.S.C. Sec. 2000e Sec. 703 U.S.C.

**3.**

Venue is proper in this district and division pursuant to 42 U.S.C. sec 2000e-2 Sec. 703 U.S.C. because Defendant conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Middle District of Georgia.

## PARTIES

**4.**

Plaintiff is presently a citizen of the State of Georgia and resident of Ben Hill
County, Fitzgerald, Georgia.  Plaintiff submits himself to the jurisdiction of this Court.

**5.**

Plaintiff is and, at all times relevant hereto, was an employee within the meaning and term as defined under 42 U.S.C. Sec. 2000e-2 (sec-703).

**6.**

The defendant EnMarket incorporation is a corporation of the State of Georgia, established pursuant to the laws of the State of Georgia.

**7.**

The defendant is a person or corporation within the meaning of 42 U.S.C. Sec. 2000e-2 Sec. 703 and an employer within the meaning of 42 U.S.C. Sec, 2000e-2 Sec. 703.  The defendant is an employer engaged in commerce or in an

Pg. 2 of 8

industry affecting commerce within the meaning of Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. Sec. 2000e-2 (sec.-703)., and has employed more than 15 person for each working day in each of 20 calendar weeks in the current or preceding calendar year.  It may be served by delivering process to its registered agent, at the following address:

**Shawn H. Kachmar, Esq.,Hunter Maclean, Attorneys at Law, 200 E. Saint Julian Street Post Office Box 9848, Savannah, Ga. 31412-0048.**

## *ADMINISTRATIVE PROCEEDINGS*

### 8.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which he complains.

### 9.

On or about February 02, 2017, Plaintiff received a Notice of Right to Sue from the EEOC relating to his charge of discrimination, charge number 410-2012-06547.  This civil action is instituted in the appropriate federal district court within ninety (90) days of the receipt of said Notice.

## STATEMENT OF FACTS

### 10.

Defendant EnMarket Inc. Employs approximately 500 workers at its convenience stores in Georgia and South Carolina and others States of the U. S.

### 11.

Plaintiff has been employed with EnMarket Inc. Since October 2005, he was originally hired in 2001 as a cashier and worked unto November 2004 in which he resigned and was rehired in 2005.  In plaintiff's charge he made to the EEOC he

Pg. 3 of 8

alleges that he was discriminated against based upon his racial identity (black) and that he suffered age discrimination (57) in that the Employer promoted a younger white female in her early thirties over him. She was promoted in August 2015 to an Assistant Manager position.

**12.**

In Plaintiff's answer to his Employers answer and response to employee's complaint to the EEOC Charge which stated "Mr. Cotton was not the best qualified candidate as evidence by his ongoing performance deficiencies. Ms. Morgan, in contrast, had performed well as a Shift leader and was already performing some of the duties of an Assistant Manager." Plaintiff stated "When Ms. Morgan was hired as an employee of Enmark Inc., in Mar. 2013, I Eddie Cotton was and had been employee of Enmarket, Inc. For almost twelve years. In My early years of employment with Enmarket I too performed Job duties of an assistant Manager under the general Manager, named Teresa Rogers, at store number 545 in Tifton Ga. 31794. At this store I performed assistant manager duties such as training new hire co-workers, I performed the duty of doing gas surveys of our business competitors, I performed the duty of cigarette and tobacco products price check of our nearby competitors, I done purchasing at Staple Office supply store center. I would carry daily bank deposit to the Bank on Monday thru Friday of each week. Joanne Fralick, Manager of Enmarket store 839 can testify unto this fact because we were both at Bank of America making a store deposit on the same day and at the same time. I performed calibration of the gas pump to determine whether the pumps were pumping to slow or too fast, based upon the gas price. Danny Gaskin, the District Manager was aware of my performance of these job duties for he was at the store when I performed some of

Duties.  I was more qualified than Edith Diane Morgan ever was when she was promoted to Shift Leader on January 13, 2014 or when she was promoted to Assistant Manager on August 06, 2015."

### 13.

In discriminating against Plaintiff, Defendant has acted intentionally, willfully

and in bad faith.

### 14.

The effect of Defendant's above-stated actions has been to deprive Plaintiff of job promotion which cost him higher job wages, enhanced insurance benefits, increased vacation opportunities, sick leave pay. Uniform subsidy. Cashiers has to pay for their Coats to wear during the winter months, managers get theirs free.

### 15.

The Plaintiff still remain employed by EnMarket Inc., at the entry level position of cashier, even though Plaintiff has repeatedly asked to be promoted to a managerial position he has repeatedly been declined and denied his request some fifteen odd years after his initial employment with Enmark Inc. Now EnMarket Inc.

### 16.

The Equal Employment Opportunity Commission (EEOC") received a timely charge of discrimination that was filed by Plaintiff on or about Oct. 2015 (charge number 410-2015-06547) in which he alleged that he had been discriminated against in employment because of his race(black) and his age (57) and his sex male, Even as of today April 25, 2017 the company of Enmarket does not have any African American male managers in the Southeast Georgia district nor has it ever.

**17.**

Pursuant to Section 703 title VII of the Civil Rights Act of 1964, As amended, 42 U.S.C. 2000e-5, the EEOC attempted to seek a resolution to this case through mediation but the defendant EnMarket Inc. Through its counsel on Record decline and refused to participate in mediation. Therefore a letter of right to sue was issued on February 02, 2017. (please see attached).

**18.**

All conditions precedent to the filing of suit have been performed or all remedies have been performed or have occurred.

**WHEREFORE,** Plaintiff, Eddie Lee Cotton prays that Court grant the following relief:

(a)   Enjoin the defendant, EnMarket Inc. From failing or refusing to:

(i)   Provide sufficient remedial relief to Cotton to make him whole for the loss he has suffered as a result of the discrimination against him as alleged in this complaint: and

(ii)Take appropriate nondiscriminatory measures to overcome the effects of discrimination, including the implementation of an effective program to address and prevent racial discrimination against employees of EnMarket Inc. Stores.

(b)   Award compensatory damages to Plaintiff as would fully compensate him for pain and suffering caused by the defendant EnMarket Inc. Discriminating conduct. Pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C.

©   Award such additional relief as justice may require, together with its costs and disbursements in this action.

## <u>CASE LAW ARGUMENT</u>

Plaintiff alleges that his Civil Rights were violated on three separate occasions and in three separate acts which give rise to three separate counts of discrimination in violation of Title VII of the 1964 Civil Rights Act.  Now in citing case law in support of Plaintiff case, the following is given: **Under McDonnell Douglas Corp. V. Green**. A Title VII Plaintiff must first establish a prima facie case of intentional discrimination.  (See **McDonnell Douglas. 411 U.S. at 802, 93 s.Ct. at 1824.**  n. 7:  A valid prima facie case creates a presumption that discrimination has occurred.  (10) See Burdine, 450 U.S. at 254 n. 7, 101 S. Ct at 1094 n. 7:  **Combs v. Plantation Patterns.  106 F. 3d 1519, 1528 139 L. Ed. 2d 632 (1998):  Crawford v. Western elec. Co., Inc., 614 F. 2d 13000, 1315 (5th Cir. 1980).**

A Plaintiff may establish a prima facie case of promotion discrimination by proving that he or she is a member of a protected minority, was qualified for and applied for the promotion was rejected despite these qualifications, and that other employees with equal or lesser qualifications who were not members of the protected minority were Promoted.  **Crawford v. Western Electric co. Inc. 614 F. 2d 1300, 1315 (5th Cir. 1980); Bundy v. Jackson 641 F. 2d 934, 951 (C.A.D.C. 19814).**

### Jury Trial Demand

The Plaintiff, Eddie Lee Cotton hereby demands a trial by jury of all issues so triable pursuant to rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 2000e.

Submitted this __ day of April, 2017.

Pg. 7 of 8

Eddie Lee Cotton
Allatoona Rd.
Fitzgerald, Ga. 31750
(229) 325-6463
cotton_285@hotmail.com

Pg. 8 of 8